CALZADA, DEMANDANTE Y APELADO, *v.* PAGÁN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre otorgamiento de escritura, mensura y deslinde de finca y otros extremos.

No. 1098.—Resuelto en mayo 19, 1914.

VENTA DE LA MITAD DE UNA FINCA—MENSURA Y DESLINDE DE LA MISMA—SENTENCIA APROBANDO EL DESLINDE SIN OIR A LA PARTE DEMANDADA.—El demandado vende al demandante la mitad de una finca obligándose a otorgarle escritura después de mensurada y deslindada. El demandante exige el cumplimiento de este contrato y en el acto del juicio ambas partes convienen en que se nombre un ingeniero para hacer dicha mensura y deslinde y la corte suspende el juicio y aprueba dicho convenio decretando que "una vez practicada la mensura y deslinde y aclaradas las cuestiones debatidas" en el caso, ordenaría la entrega al demandante del terreno correspondiente y el otorgamiento de la escritura. Cuando fué a practicarse el deslinde el demandado mostró su inconformidad con la colindancia sur de la finca tal como la aceptaba el ingeniero. Este presentó su informe, y la corte, con la conformidad del demandante y sin oir al demandado, lo aprobó y dictó sentencia a favor del demandante. *Se resolvió,* que atendidas las circunstancias del caso, debía revocarse la sentencia apelada para que la corte oyera a ambas partes con respecto al informe del ingeniero y si alguna lo impugnaba le diera oportunidad para defender sus derechos.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José G. Torres.*

Abogado del apelante: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. DEL TORO. emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de San Juan, Sección 1ª., por virtud de la cual se aprobó cierto deslinde practicado y se ordenó al demandado y apelante que entregara al demandante y apelado la mitad de cierta finca rústica de acuerdo con el indicado deslinde, y que otorgara la correspondiente escritura.

En la demanda se alega, en resumen:

1. Que en 6 de agosto de 1912 el demandado José Pagán vendió privadamente al demandante José Calzada, la mitad de una finca de noventa cuerdas, que se describe.

2. Que dicha venta se hizo por $1,500 recibidos, comprometiéndose el vendedor a otorgar escritura tan pronto se hiciera la mensura y deslinde, siendo convenido que el terreno del demandante debía entregarse en la colindancia sur de la finca, y debiendo descontarse al demandante un pedazo de terreno ocupado por Alejo Matos en la parte de la finca que ha de reservarse al demandado.

3. Que la mensura y deslinde se obligó a verificarlos el demandado y que el demandante ha estado y está dispuesto a reintegrarle la mitad de los gastos que originen. Y que no obstante los requerimientos que el demandante ha hecho al demandado, éste se ha negado a cumplir lo convenido.

La demanda termina suplicando a la corte que condene al demandado a cumplir lo pactado verificando el deslinde y mensura de la finca, otorgando la correspondiente escritura y rindiendo cuenta de los productos del predio, imponiéndóle además las costas y honorarios de abogado.

En su contestación el demandado reconoció la existencia del contrato alegado en la demanda y consignó que si el deslinde no se había llevado a efecto, era porque el demandante se negaba a la mensura y deslinde de toda la finca, queriendo que se le mensurara y deslindara solamente la mitad que había comprado.

El demandado formuló además reconvención y pidió a la corte que ordenara el deslinde de la totalidad de la finca etc.

Señalado día para la vista, ambas partes comparecieron y leyeron sus respectivas alegaciones "y cuando iba el demandante a presentar su prueba, una y otra parte convinieron en que un perito que lo sería el Ingeniero Don Antolín Nin, mensurara y deslindara la finca de noventa cuerdas más o menos, según aparece descrita en el hecho primero de la demanda enmendada, que acepta el demandado, y que se divida para entregar la mitad al demandante, hacia la parte sud o sea colindando con Francisco Calzada antes Ramón Rola, y descontando el pedazo de terreno que en la parte norte ocupa Alejo Matos, el cual quedará como propiedad de éste; y que una vez hecha la mensura y deslinde y aclaradas las cuestiones debatidas en este pleito, ordene la corte la entrega a Calzada del terreno que le corresponde y Pagán le otorgue la oportuna escritura." Transcripción, pág. 12.

Por virtud de tal convenio, la corte de distrito, con fecha 2 de mayo de 1913, dictó la siguiente resolución: "Que se proceda a la mensura y deslinde de la finca de noventa cuerdas más o menos tal como aparece descrita en el hecho primero de la demanda, aceptado por el demandado. Que la cabida que resulte se divida, deslindando la mitad al demandante en la parte sur o sea colindando con Francisco Calzada, antes Ramón Rola y descontando a Calzada la porción que en la parte norte ocupa Alejo Matos, que quedará como propiedad de éste; y una vez practicada la mensura y deslinde y aclaradas las cuestiones debatidas en este caso, la corte ordenará que se entregue al demandante la cantidad de terreno correspondiente y el otorgamiento de escritura." Transcripción, pág. 13.

En vista de lo convenido y resuelto. se suspendió el juicio y las partes quedaron encargadas de comunicar su comisión al Ingeniero Sr. Nin. Así lo hicieron en efecto y, según aparece de la exposición del caso, a fines de julio de 1913, entregó el expresado ingeniero en la secretaría de la corte un plano de la finca propiedad de Don José Pagán, Don José Calzada y Don Alejo Matos, en el barrio Hato Puerco, de

Loíza, acompañado de una certificación en la cual dice el Señor Nin, que la finca linda al norte con terrenos de la Sucesión Calzada, al este con Don Juan López de Victoria, y el río, al sur con Ramón Rola, hoy Francisco Calzada, y al oeste con la Sucesión Febres; que se constituyó en ella acompañado de los Señores Calzada y Pagán, y tomó como base la descripción de la finca, el plano de la finca de Francisco Calzada, antes Rola, levantado por el Agrimensor Abino Pérez, en 28 febrero 1898, y el testimonio de Calzada, Pagán y Albendoz, colindantes; que al reconocer los linderos quiso Pagán que se extendiera el trabajo de mensura a otros terrenos fuera de los límites indicados, y habiéndole manifestado el ingeniero que debía ceñirse a la orden de la corte, se ausentó Pagán del campo, y que dentro de la colindancias del plano que ha levantado hay una superficie de 26 hectáres y 60 áreas, que son 67 cuerdas con 56 céntimos. de las cuales corresponden a Calzada 23 con 78 al sur de la finca o sea la mitad del total menos las 10 cuerdas que ocupa Alejo Matos al norte; y a Pagán, 33 con 78 al norte de la finca.

Presentada la certificación del Ingeniero y el plano levantado por el mismo, la corte, con la conformidad del demandante, y sin oir al demandado, aprobó el deslinde y dictó la sentencia a que nos hemos referido anteriormente y contra la cual se interpuso la presente apelación. Y el apelante sostiene que al proceder así, la corte se separó de la regla fijada por ella misma, con la conformidad de ambas partes, en la orden de 2 de mayo de 1913.

En la transcripción se incluye la certificación del Ingeniero y el plano. En la certificación se hacen constar los hechos que expusimos anteriormente tomándolos de la exposición del caso. No se acompañaron a ella los antecedentes que tuvo en cuenta el ingeniero. ni los informes que recibió de los colindantes. De la certificación y del plano resulta que la finca en vez de 90 cuerdas sólo tiene 67.56, y que colinda en la actualidad por el norte con una Sucesión Calzada, y por el sur, que es precisamente el lado de donde debía tomarse

el terreno para el demandante José Calzada, con un Francisco Calzada.

Habiendo en consideración todas estas circunstancias y teniendo en cuenta los términos en que está redactada la orden de mayo 2, 1913, opinamos que el pleito, después de presentado el informe del ingeniero, no quedó en verdad enteramente concluso para sentencia. Antes de dictarla, el juez de distrito debió haber oído a ambas partes con respecto al informe presentado, y si alguna lo impugnaba, haberle dado oportunidad para defender sus derechos de acuerdo con la ley.

La sentencia debe revocarse y el caso devolverse a la corte de distrito para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocada la sentencia con devolución del caso*
> *a la corte inferior para ulteriores procedi-*
> *mientos de acuerdo con la opinión.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.